UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                                                        CRIMINAL ACTION NO. 3:08CR-42-S

ERNESTO ROJAS                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Ernesto Rojas, to dismiss the indictment against him pursuant to 18 U.S.C. § 3162(a)(2) for failure to afford him a speedy trial (DN 175).

Rojas was indicted on with three co-defendants on April 23, 2008 for conspiring to possess with intent to distribute over 100 kilograms of marijuana. He made his initial appearance, was arraigned, and entered a plea of not guilty on May 20, 2008. At various points during the pendency of this prosecution, the three co-defendants have entered pleas of guilty.

Rojas contends that two periods of delay require the indictment to be dismissed. The first is the period from September 12, 2008 to December 3, 2008, and the second is from August 20, 2009 to the present date. The court concludes that neither of the periods delay render the prosecution infirm.

On June 13 and 16, 2008, Rojas filed motions to suppress evidence (DNs 81, 82). The motions were scheduled for evidentiary hearing before the United States Magistrate Judge. However, prior to the hearing date, Rojas filed a motion to reassign the hearing date, stating:

> 1. The United States and counsel have entered into discussions which may render a suppression hearing, scheduled August 22nd, moot.
>
> 2. Further, the government expects pleas from co-defendants in this case. Entries of pleas from co-defendants may also render the suppression hearing moot. Counsel for the defense and the government have discussed the matter and agree that a

continuance of the August 22nd hearing would be in the interest of justice. Indeed, it is possible, based on the discussions with the government, a decision by Mr. Rojas to proceed with the suppression hearing at this time, could work to his prejudice and detriment.

DN 106.

Based upon Rojas' representations to the court, Magistrate Judge Dave Whalin rescheduled the hearing for September 12, 2008. On September 11, 2008, Rojas filed a motion to withdraw his motion[1] to suppress, with leave to reinstate, stating:

1. Mr. Rojas has filed a Motion to Suppress.

2. The defense is in plea discussions with the United States. These discussions are not finalized. The United States has indicated there could be negative consequences for Mr. Rojas should he proceed now with the suppression hearing.

3. For this reason, the defendant moves this Court to withdraw his Motion to Suppress, but with leave to reinstate, should plea negotiations prove not to be fruitful.

DN 110.

Again, on September 12, 2008, Magistrate Judge Dave Whalin granted Rojas motion to withdraw his motion to suppress, based upon the representations made therein that he was in plea negotiations with the United States and that he could be negatively impacted by proceeding with the suppression hearing. While Rojas did not articulate that justice required the granting of his motion, the implication was clearly that he sought to resolve the matter without the necessity of a trial. Rojas now urges that this period of time should not be found to be excludable time under the Speedy Trial Act because the magistrate judge did not recite that the time was excludable in his order. The motion was made by Rojas himself, however, with the concurrence of the United States. Rojas articulated interests of justice in seeking the order of the court for leave to withdraw the suppression motions. Rojas cannot now utilize the magistrate judge's order as a tool to seek dismissal for a delay

---

[1] The motion is phrased in the singular, despite the fact that two motions to suppress were filed. The court concludes that this is simply an error in drafting, as Rojas sought to forestall all proceedings on suppression issues.

the he himself sought in the interests of justice in being afforded the opportunity to seek a negotiated resolution of the charges.[2]

Between September 12, 2008 and December 3, 2008, Rojas did not appear before the court. There was activity, however, with respect to the cases of two co-defendants. A number of telephonic conferences were held by the court to monitor the progress of the cases of all of the defendants. On May 11, 2009, Rojas was permitted to reinstate his previously filed motions to suppress. The magistrate Judge held a hearing on June 2, 2009, a transcript was prepared, briefs were filed, and the magistrate judge issued his report on September 18, 2009.

Pursuant to *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1)(C); and Fed.R.Civ.P. 72(b), Rojas was afforded ten days after being served with the report in which to file objections. Upon filing of objections, or at the expiration of the time for filing same, the report would be taken under submission by the court for review and determination. *See,* 18 U.S.C. § 3161(h)(1)(H). However, the defendant instead chose to file the current motion to dismiss the indictment on September 29, 2009, eleven days after the filing of the magistrate judge's report. Thereafter, on October 5, 2009, Rojas filed objections to the report. Therefore, the court was required to wait until the time for response by the United States had expired. At that time, no response having been filed, the court took the report and objections under submission. Further excludable time was generated by the briefing and submission of the motion to dismiss. We conclude that the period of delay from August 20, 2009 to the present has not violated Rojas' right to a speedy trial.

We note that the date of August 20, 2009 takes into account thirty days' submission time before the magistrate judge after final briefing of the suppression issues. Rojas acknowledges,

---

[2] Rojas urges in his reply brief that he was "threatened" by the United States that charges would be enhanced if he further pursued suppression of evidence. However, he, in fact, pursued suppression and obtained rulings from the court. Additionally, Rojas' motion was withdrawn by agreement.

however, that the Speedy Trial Act does not contain a limitation on the submission of matters to the magistrate judge. The Act requires "prompt disposition" after hearing, a period of time which may vary depending upon the number and complexity of the issues. A number of issues were raised by Rojas. The magistrate judge filed extensive and detailed findings and conclusions. Rojas objected to delay of the matter before the magistrate judge only after the filing of the report. Rojas did not at an earlier point suggest that the delay was excessive and he has not moved for a trial date.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant to dismiss the indictment (DN 175) is **DENIED.**

**IT IS SO ORDERED.**

November 20, 2009

**Charles R. Simpson III, Judge**
**United States District Court**